## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN FAHEY, | ) | |
| Plaintiff, | ) | Civil Action No. 2:17-CV-1059 |
| | ) | |
| | ) | |
| v. | ) | Re: Motion to dismiss [ECF No. 34] |
| | ) | |
| | ) | |
| DARRIN GRIMM, | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

U.S. District Judge Susan Paradise Baxter

**Relevant Procedural History**

This case arises out of an alleged violation of Plaintiff's rights under the Eighth Amendment of the U.S. Constitution. This civil action was filed by Mr. Fahey, acting on his own behalf, on August 14, 2017. At the time of filing the original complaint, Plaintiff was an inmate incarcerated at the State Correctional Institution at Greene. The sole Defendant to this action is Darrin Grimm, an employee of SCI Greene.

In his counseled Amended Complaint, Plaintiff alleges that Mr. Grimm violated his Eighth Amendment rights by: 1) confining him to RHU for conduct attributable to his mental illness, thereby further exacerbating his symptoms; 2) delaying a referral for Plaintiff to receive proper medication; and 3) refusing to grant Plaintiff's request for special housing arrangements to alleviate Plaintiff's mental illness symptoms. ECF No. 30, page 6.

Without filing a Certificate of Conferral as mandated by the undersigned's Practices and Procedures, Defendant moved to dismiss arguing, *inter alia*, that Plaintiff failed to exhaust his

1

administrative remedies. ECF No. 34; ECF No. 35. Counsel for Plaintiff filed an opposition brief on his behalf, which changed the parameters of and clarified the legal claims: "Plaintiff is seeking damages for being placed in RHU **due** to his mental illness, in violation of his Eighth Amendment rights." ECF No. 36, page 4 (emphasis added).

Defendant responded to the opposition brief with a Reply brief, supported by evidence which was not substantiated and then sought conversion of the pending motion to dismiss into a motion for summary judgment. ECF No. 37. Defendant later filed an amended opposition brief withdrawing his exhaustion argument. ECF No. 40. Plaintiff then filed a sur-reply. ECF No. 41. The motion to dismiss is fully briefed and is ripe for disposition by this Court.


**Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint mut be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556, *citing* 5 C.Wright & A.Miller, *Federal Practice and Procedure*, § 1216, ¶¶ 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**The Allegations of the Amended Complaint**

Plaintiff has suffered with mental illness since childhood. ECF No. 30, ¶ 5. In 2003, Plaintiff was evaluated at SCI Graterford and was diagnosed with paranoid schizophrenia. *Id.* at ¶ 7. Plaintiff has received treatment for his condition in the past including prescription medications to relieve symptoms. *Id.* at ¶ 8. Plaintiff's symptoms include hearing voices that urge him to commit homicidal or suicidal behavior. *Id.* at ¶ 6. Plaintiff often exhibits "unusual, antagonistic, and delusional behavior." *Id.* at ¶ 19.

On September 1, 2016, Mr. Fahey met with Defendant Grimm to discuss Fahey's housing assignment. Mr. Fahey requested single cell housing because of his schizophrenia symptoms that included ranting throughout the night and becoming confrontational and homicidal. *Id.* at ¶ 10. Mr. Fahey also told Mr. Grimm that he did not believe he was receiving proper medical treatment at SCI Greene. *Id.* at ¶ 21.

Mr. Grimm's response to Mr. Fahey's request was to issue a misconduct claiming that Fahey was a threat to himself and his cellmate. *Id.* at ¶ 11. As a result of the misconduct, Mr. Fahey was sent to the Restricted Housing Unit ("RHU")[1]. *Id.* at ¶ 13. The misconduct was ultimately dismissed. *Id.* at ¶ 14.

Mr. Fahey argues that his placement in RHU, as opposed to the single cell status he had previously been granted, violated his Eighth Amendment rights as the RHU placement exacerbated his mental illness. *Id.* at ¶ 23. Mr. Fahey also argues that he was denied parole

---

[1] Defendant argues that Plaintiff was not placed in Restricted Housing but was instead moved to a Diversionary Treatment Unit. This Court is unfamiliar with the specifics of the DTU and so will assume, for purposes of this motion, that both RHU and DTU are versions of solitary confinement.

because of his misbehaviors that are directly related to symptoms of his mental disability. *Id.* at 15.

There is no allegation about the length of time Plaintiff spent in solitary confinement.

**Inhumane Conditions of Confinement**

Plaintiff alleges that as a result of the issuance of the false misconduct based on mental illness symptoms, Plaintiff was sent to RHU. ECF No. 30, ¶ 13. In his Opposition Brief, Plaintiff clarifies this allegation: Plaintiff is seeking relief because Grimm[2] caused him to be placed in solitary confinement based on his mental illness. ECF No. 36, page 4.

Inhumane prison conditions "may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inhumane to a substantial risk of serious damage to his future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) *quoting Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016).

An inmate's "placement in solitary confinement does not, in itself, violate the Constitution..." *Stanford v. Walton*, 2019 WL 5068666, at \*13 (W.D. Pa. Oct. 9, 2019) *quoting Johnson v. Wetzel*, 209 F. Supp. 3d 766, 777, 780 (M.D.Pa Pa. 2016). "In assessing whether solitary confinement violates the Eighth Amendment, courts must look to the 'duration and

---

[2] Generally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 210 (3d Cir. 2007) *quoting Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff argues that as a counselor, Mr. Grimm would have had an understanding that issuing a misconduct against an inmate would lead to his placement in the RHU and that this placement would exacerbate his mental health symptoms. At this early stage of the proceedings, this Court agrees.

conditions of segregated confinement' and the 'touchstone is the health of the inmate.'" *Id.*

*quoting Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992) *superseded on other grounds by*,

Prison Litigation Reform Act, 42 U.S.C. § 1997, *et seq.*

  Here, Plaintiff has adequately alleged an Eighth Amendment claim against Grimm. He

alleges that Grimm: knew about his long-held diagnosis of paranoid schizophrenia [ECF No. 30,

¶ 10] and issued a false misconduct based on symptoms of Plaintiff's mental illness [*id.* at ¶ 11].

This misconduct led to Plaintiff's placement in solitary confinement [*id.* at ¶ 13] and Grimm

knew or should have known that solitary confinement exacerbates mental health symptoms.

  These allegations, which must be taken in the light most favorable to Mr. Fahey, are

sufficient to state a claim at this early stage of the proceedings. *See Palakovic,* 854 F.3d at 226

("Considering these factual allegations in light of the increasingly obvious reality that extended

stays in solitary confinement can cause serious damage to mental health, we view the allegations

as more than sufficient to state a plausible claim that [plaintiff] experienced inhumane conditions

of confinement to which the prison officials ... were deliberately indifferent. We therefore

conclude that the District Court should have allowed this claim to proceed to discovery."). This

case should proceed to discovery. The motion to dismiss will be denied.



  An appropriate order follows.



Dated: February 14, 2020